Mr. Leroy Brownlee, Chairman Post Prison Transfer Board P.O. Box 34085 Little Rock, Arkansas 72203
Dear Mr. Brownlee:
This is in response to your request for an opinion concerning the transfer of inmates from the Department of Correction to the Department of Community Punishment. You have stated that some sex offenders committed to the Department of Correction have a non-discretionary transfer date — i.e. the date on which they are to be transferred to the Department of Community Punishment. You have also stated that the Post Prison Transfer Board (PPTB) may postpone an inmate's transfer beyond his "automatic" transfer date by requiring him to complete a "course of action" that will contribute to his rehabilitation and lessen his potential danger to the public upon his eventual release. Finally, you have indicated that the course of action in the case of a sex offender is often the Reduction of Sexual Victimization Program (RSVP), a sex offender counseling program. In light of the foregoing situation, you have presented the following questions:
 1. If the PPTB requires an inmate to complete RSVP prior to his release from the Department of Correction but the inmate cannot, for any reason, gain admission to or complete the program, must the PPTB then transfer the inmate out of the Department of Correction?
 2. What if the inmate fails to complete this "course of action" through his own misconduct or lack of cooperation or diligence?
 3. What if he is unable to complete the requirement through no fault of his own?
 4. What if he is denied admission into the program because he denies having a sexual conduct disorder, notwithstanding his conviction of a felony sex offense? (If he pled guilty, he might claim that he did so only to avoid the possibility of receiving a harsher penalty upon conviction.)
The course of action required by the PPTB may not be outside the current resources of the Department of Correction. See A.C.A. §16-93-1302(c)(1). Consequently, it is my opinion that an inmate generally must be transferred if the failure to complete the course of action is beyond his control. It is, however, my opinion that an inmate need not be transferred if he, through his own lack of cooperation, fails to fulfill the course of action outlined by the PPTB.
The General Assembly has enacted a comprehensive scheme regarding community punishment programs. See generally A.C.A. § 16-93-201 et seq.; § 16-93-1201 et seq.; § 16-93-1301 et seq. Pursuant to this legislation, persons convicted of certain crimes may be eligible for transfer from the Department of Correction to the Department of Community Punishment. Arkansas Code Annotated § 16-93-1208 (Supp. 1997), "Post commitment transfer," provides in part:
 (a)(1)(A) Upon commitment of an eligible offender to the Department of Correction, the department will transfer the eligible offender to a community punishment program, when he reaches his transfer date, in accordance with the rules and regulations promulgated by the Board of Correction and Community Punishment and conditions set by the Post Prison Transfer Board.
(Emphasis supplied.) Arkansas Code Annotated § 16-93-1301 et seq.
establishes the criteria for transfer to community punishment programs. Specifically, A.C.A. § 16-93-1302, "Transfer procedures," provides in part:
 (a)(1)(A) Inmates under sentence for all felonies except those listed in subsection (b) of this section will be transferred from the Department of Correction to the Department of Community Punishment subject to rules and regulations promulgated by the Board of Correction and Community Punishment and conditions set by the Post Prison Transfer Board.
* * *
 (2)(A) When one (1) or more of the circumstances in subdivision (a)(1) of this section are present, the Post Prison Transfer Board shall conduct a hearing to determine the appropriateness of the inmate for transfer.
(B) The Post Prison Transfer Board has two (2) options:
 (i) To transfer the individual to the Department of Community Punishment accompanied by conditions of such transfer including, but not limited to, supervision levels, programming requirements, and facility placement when appropriate; or
 (ii) To deny transfer based on a set of established criteria and to accompany such denial with a course of action to be undertaken by the inmate to rectify the Post Prison Transfer Board concerns.
 (C) Upon completion of the course of action determined by the Post Prison Transfer Board, after final review of the inmate's file to ensure successful completion, the Post Prison Transfer Board shall authorize the inmate's transfer to the Department of Community Punishment in accordance with administrative policies and procedures governing such transfer and subject to conditions attached to such transfer.
 (3) Should an inmate fail to fulfill the course of action outlined by the Post Prison Transfer Board to facilitate transfer to community punishment, it shall be the responsibility of such inmate to petition the Post Prison Transfer Board for rehearing.
* * *
 (c)(1) The course of action required by the Post Prison Transfer Board shall not be outside the current resources of the Department of Correction nor the conditions set be outside the current resources of the Department of Community Punishment.
 (2) However, the departments shall strive to accommodate the actions required by the board to the best of their ability. . . .
(Emphasis supplied.) See also A.C.A. § 16-93-206 (procedures of the Post Prison Transfer Board).
I assume that the inmate referred to in your questions has satisfied all transfer requirements other than completion of the course of action required by the PPTB. The PPTB clearly has the authority to deny transfer and to require the completion of a course of action. A.C.A. §16-93-1302(a)(2)(B)(ii). Further, it appears that the course of action to be completed is generally within the discretion of the PPTB. The course of action, however, may not be outside the current resources of the Department of Correction. A.C.A. § 16-93-1302(c)(1).
With regard to your first and third questions, I cannot provide a conclusive response because of the general nature of the questions. Ordinarily, a case-by-case review will be necessary in order to examine the particular reason for an inmate's failure to complete a course of action. Generally, the PPTB must authorize an inmate's transfer if the course of action required was outside the current resources of the Department of Correction. For example, if an inmate cannot complete a particular course of action because the Department of Correction is currently unable to offer the program, then transfer of the inmate is most likely mandatory.
As to your second and fourth questions, it is my opinion that transfer generally is not mandatory where an inmate fails to complete a course of action through his own misconduct or refusal to cooperate. It would defeat the plain purpose of the statute to permit an inmate to force his transfer by refusing to complete a course of action or denying that the course of action was necessary. The PPTB clearly has the authority to deny transfer and to require completion of a course of action to rectify their concerns. A.C.A. § 16-93-1302(a)(2)(B)(ii). Again, it appears that the course of action to be completed is generally within the discretion of the PPTB. It should, however, be noted than an inmate has a right to request a rehearing should he fail to fulfill the course of action outlined by the PPTB.
In sum, I must again state that the PPTB will ordinarily need to examine the particular reason for an inmate's failure to complete a course of action on a case-by-case basis. I have set forth the general legal principles that must be considered; however, in the context of an Attorney General opinion, I cannot conclusively resolve whether a particular inmate must be transferred. In addition, I cannot conclusive resolve whether a particular reason for an inmate's failure to complete a course of action will, in all cases, justify a denial of transfer. The Corrections and Public Safety Division of this office will, however, upon request, offer legal assistance to the PPTB or the Department of Correction with regard to such specific decisions.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh